
RECEIVED

OCT 0 3 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| HEATHER WEATHERS | CIVIL ACTION NO. 06-1042 |
| VERSUS | JUDGE MELANÇON |
| LAFAYETTE PARISH SCHOOL BOARD, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court are defendants' Motion for Attorneys' Fees and Costs [Rec. Doc. 49], plaintiff's Opposition thereto [Rec. Doc. 57], defendants' Reply to plaintiff's Opposition [Rec. Doc. 61], and plaintiff's Response to defendants' Reply [Rec. Doc. 64]. In its October 22, 2007 Memorandum Ruling [Rec. Doc. 43] dismissing plaintiff's case, the Court exhaustively outlined the facts giving rise to the underlying litigation and the procedural history to that point and will not now reiterate those points. Subsequent to the Court's dismissal, however, plaintiff sought review of the Court's decision by the United States Fifth Circuit Court of Appeal [Rec. Doc. 45]. By mandate issued on July 10, 2008 [Rec. Doc. 58], the Court of Appeal affirmed this Court's decision without the necessity of oral argument and assessed plaintiff-appellant with all costs of the appeal. That mandate has since become final without application for writ of *certiorari*.

In the current Motion [Rec. Doc. 49], defendants seek an award of attorneys' fees and costs, from both plaintiff and her counsel, pursuant to 42 U.S.C. §1988

and 28 U.S.C. §1927, arguing that plaintiff's claims were "frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it clearly became so," or, alternatively, that plaintiff and her counsel acted with "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Defendants' Motion for Attorneys' Fees and Costs* [Rec. Doc. 49], pgs. 4, 6 (*quoting Hughes v. Rowe,* 449 U.S. 5 (1980) *and Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169 (5th Cir. 2007)). Plaintiff opposes this motion arguing that the Court's Memorandum Ruling [Rec. Doc. 43] vitiates defendants' claim of entitlement to attorneys' fees.

The Court is vested with discretion to award attorneys' fees pursuant to §1988 when it finds that a plaintiff's claims are "frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes,* 449 U.S. at 15 (*quoting Christiansburg Garment Co.,* 434 U.S. at 422). Alternatively, the Court may use its discretion to award sanctions, including attorneys' fees, pursuant to §1927 when there is "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Exnicios,* 495 F.3d at 180 (*quoting Procter & Gamble Co. v. Amway Corp.,* 280 F.3d 519, 525 (5th Cir. 2002)). Under either standard, this Court finds that defendants are not entitled to an award of attorneys' fees.

In its Memorandum Ruling [Rec. Doc. 43], the Court unequivocally stated that, absent the fatal procedural defect, there was adequate evidence to proceed to trial. This fact is further evidenced by the extensive record in the proceeding,

including the Report and Recommendation of the Magistrate Judge [Rec. Doc. 12], as adopted by the District Court [Rec. Doc. 14], finding that plaintiff stated a colorable claim under the law. While the ultimate result was not favorable to the plaintiff, the Court finds that the suit was brought in good faith and was not frivolous.

However, Federal Rule of Civil Procedure 54 states that costs, other than attorneys' fees, "*should* be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d)(1) (*emphasis added*). Plaintiff does not maintain that defendants were not the "prevailing party" in this case and does not argue that defendants are not entitled to a judgment of costs. For these reasons, it is

**ORDERED** that defendants' request for attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' request for costs is **GRANTED**. Accordingly, defendants are to submit a bill of costs to the Clerk of Court for the United States District Court for the Western District of Louisiana within ten (10) days setting forth the all costs taxable under 28 U.S.C. §1920. After which the Clerk of Court, or his designee, is to tax plaintiff with the allowable costs.

**THUS DONE AND SIGNED** this 7th day of October, 2008 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge